**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02498-CMA-NRN

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      Plaintiff,

v.

**JBS CARRIERS, INC.**

      Defendant.

---

**CONSENT DECREE**

---

**I. RECITALS**

1.    This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff' or "EEOC"), an agency of the United States government, alleging that Defendant, JBS Carriers, Inc. ("Defendant" or "JBS Carriers"), violated the Americans with Disabilities Act ("ADA"), as amended, by utilizing a post offer screening process that discriminated against Charging Party Cindy Divine and other aggrieved individuals.

2.    The Parties to this Decree are the Plaintiff EEOC and the Defendant JBS Carriers.

3.    The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a

-1-



Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## 11. JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## 111. TERM AND SCOPE

7.      **Term:**  The duration of this Decree shall be three years from the date of signing by the Court.

8.      **Scope:** The terms of this Decree shall apply to all JBS Carriers' facilities, including the facilities in Greeley, Colorado; Green Bay, Wisconsin; Hyrum, Utah; Cactus, Texas; Pittsburg, Texas; and Oakwood,  Georgia.

## IV. ISSUES RESOLVED

9.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of the Commission's claims of unlawful employment practices that arise from Charge of Discrimination Number 480-2012-02164 filed by Cindy Divine.

10.      JBS Carriers and its officers, agents, managerial employees, and



successors, will not interfere with the relief herein ordered, but shall cooperate in

the implementation of this Decree.

### V. MONETARY RELIEF

11.    Judgment is hereby entered in favor of the Commission and against JBS

Carriers in the amount of $250,000.

12.    JBS Carriers will not condition the receipt of individual relief upon Cindy

Divine's, Patricia Archer's, Lisa Johns', Shawn Porter's, or Monty Wright's

agreement to: (a) maintain as confidential the terms of this Decree or the facts of

the case; (b) waive his or her statutory right to file a charge with any federal or

state anti-discrimination agency; or (c) promise not to reapply for a position at

any of JBS Carriers' facilities.

13.    To resolve these claims, JBS Carriers shall pay a total of $250,000,

allocated as determined by the EEOC among Cindy Divine, Patricia Archer, Lisa

Johns, Shawn Porter, and Monty Wright.

14.    Within three business days after the Court's entry of this Decree, the

EEOC will provide Defendant, via e-mail, a Distribution List in the form of an

Excel spreadsheet containing the following information for each aggrieved

individual: (1) first and last name, (2) mailing address, (3) total claim share

amount, (4) claim share amount allocated for back pay, and (5) claim share

amount allocated for compensatory damages.

15.    The payments required under this Decree shall be mailed to the payees

within ten business days after the Court's entry of this Decree, and mailed to the



addresses provided by the EEOC.

16.     Within three business days after payments are mailed to payees, JBS Carriers shall submit to the EEOC copies of the checks issued.

17.     **Tax Reporting Forms.** JBS Carriers will prepare and distribute W-2 and 1099 tax reporting forms to each aggrieved individual who receives payment under this Consent Decree. JBS Carriers is responsible for withholding payroll taxes from back pay amounts, paying withheld funds to the IRS, and paying the employer's share of payroll taxes. JBS Carriers will timely provide tax reporting forms to each aggrieved individual who receives payment under this  Decree.

### VI. OTHER INDIVIDUAL RELIEF

18.     Within 90 calendar days after entry of this Decree, JBS Carriers shall provide a letter extending a conditional offer of employment in the position of Over-the-Road Driver, in the form attached as Exhibit A, to Cindy Divine, Patricia Archer, Lisa Johns, Shawn Porter, and Monty Wright. Each individual's offer will be contingent upon his or her ability to meet the Minimum Eligibility Requirements For Tractor-Trailer Driving Candidates, included in Exhibit B. As Indicated in the Minimum Eligibility Requirements For Tractor-Trailer Driving Candidates, the only physical or medical post-offer screening the individual will need to complete is successfully passing a United States Department of Transportation ("DOT"} medical evaluation and urine analysis, and obtaining a new or renewed DOT medical examiner's certificate issued by a JBS Carriers' approved physician or medical facility, at JBS Carriers' expense.

-4-



19.     After the initial offers are made, for any aggrieved individual who rejects

the initial offer, JBS Carriers shall make one additional conditional offer of

employment within 180 calendar days after entry of this Decree. This offer will be

subject to the same conditions set forth in Paragraph 18.

## VII. EQUITABLE RELIEF

### A.   *Injunctive Relief*

20.     Defendant declares that it has ceased using any post-offer screen or

fitness-for-duty examination administered by ErgoMed.

21.     Defendant agrees it shall not re-institute a post-offer screen or fitness-for-

duty examination administered by ErgoMed for employment hiring purposes

during the term of this Decree. Defendant also agrees not to contract with

ErgoMed for its services, including but not limited to any post-offer screen or

fitness-for-duty examinations administered by ErgoMed, during the term of this

Decree.

22.     Defendant declares that the only physical or medical post-offer screen It

currently uses for employment hiring purposes is the DOT medical evaluation

and certification process, and urine analysis.

23.     Defendant agrees that, during the term of this Decree, it will not implement

any physical or medical post-offer screen or fitness-for-duty examination for

employment hiring purposes, apart from requiring an applicant to pass a DOT

medical evaluation and urine analysis, and obtain a new or renewed DOT



medical examiners certificate issued by a JBS Carriers' approved physician or medical facility, at JBS Carriers' expense,

24.     Except to the extent necessary for the DOT medical evaluation process, Defendant will cease gathering and using workers' compensation and medical information from conditional hires during the hiring process. Any workers' compensation or medical information gathered from any conditional hire as part of the DOT medical evaluation and certification process will be retained in confidential files with restricted access in accordance with the requirements of the ADA.

25.     For the duration of this Decree, Defendant, its officers, agents, and successors are enjoined  from engaging  in reprisal or retaliation of any kind against any person because of such person's participation in protected activity in any way, or engaging in opposition to any practice made unlawful under  the ADA Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes or opposes any unlawful practice. Defendant shall not retaliate in any manner against individuals Identified as witnesses in this action or who assisted in the Investigation (whether or not identified as a witness)

-6-



giving rise to this action. Nor shall Defendant retaliate against any such persons who participate in protected activity in any way or engage in opposition to any practice made unlawful under the ADA, or who are identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B. ADA Coordinator

26.     Within 30 calendar days of entry of this Consent Decree, Defendant agrees to appoint its Director of Human Resources ("HR"}, as ADA Coordinator. If the indIvidual who is Director of HR should change or If the position of Director of HR is modified or eliminated, the new Director of HR or a similarly ranking HR official will be appointed as ADA Coordinator within 30 calendar days of the change. This person will assume the responsibilities of ADA Coordinator.

27.     The following is a list of responsibilities assigned to the ADA Coordinator:

**27.1.**   Oversight of Defendant's compliance with this Decree;

**27.2.**   With the assistance of an outside consultant experienced in the area of employment discrimination law, creating, revising, and implementing the policies and/or procedures provided for in Paragraphs 31-32.12 of this Decree;

**27.3.**   Creating, revising, and implementing the training described in Paragraphs 35-35.4 of this Decree;

**27.4.**   Overseeing Defendant's hiring practices to ensure the ADA is not violated;

**27.5.**   Ensuring Defendant is not gathering or using medical information from applicants in violation of the ADA;



**27.6.**   Ensuring Defendant engages In the interactive process when an applicant or employee asks for a reasonable accommodation or Defendant becomes aware of the need for such accommodation, whether during pre-employment or during employment;

**27.7.**   Assisting all of Defendant's human resource, compliance, and supervisory employees with their ADA responsibilities, including but not limited to providing reasonable accommodations to applicants or employees, engaging in the interactive process, and aiding human resource and supervisory employees to stay within full compliance with this Decree;

**27.8.**   Maintaining records to be preserved under this Decree;

**27.9.**   Submitting the reports required under Paragraphs 41-43.4 of this Consent Decree; and

**27.10.**   Evaluating whether Defendant has taken appropriate and reasonable action to protect applicants and employees with a disability, a record of a disability, or a regarded as disability from disability discrimination and/or retaliation.

28.   Defendant agrees that within 45 calendar days of the entry of this Consent Decree, Defendant shall submit to the EEOC the name, business address, email address, and telephone number of the ADA Coordinator.

29.   If a new ADA Coordinator is appointed pursuant to Paragraph 26 above, Defendant agrees to submit to the EEOC the name, business address, email



address, and telephone number of the new ADA Coordinator within 30 calendar days of his or her appointment.

30.    Within 60 calendar days of entry of this Decree, Defendant will provide adequate staff to the ADA Coordinator in order to accomplish all of his or her responsibilities, including hiring, as necessary, qualified human resource professionals, outside consultants or vendors, medical experts, or other necessary employees to ensure Defendant fully complies with the ADA and this Decree.

**C.**    ***ADA Policy Review***

31.    Within 60 calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law, review its existing ADA and reasonable accommodation policies and procedures, in order to conform such policies with the law and revise, if necessary.

32.    The written ADA policies must include at a minimum:

**32.1.**    A strong and clear commitment to preventing unlawful disability discrimination and retaliation.

**32.2.**    A statement that discrimination based on disability, regarded as disability, record of disability, or retaliation is prohibited and will not be tolerated.

**32.3.**    A statement that Defendant will not use medical information obtained through pre-employment screening to deny employment on the basis of disability.



**32.4.**   A policy addressing how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment. The policy must provide a statement on the roles of managers and officials in the accommodation process, how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with applicants/employees.

**32.5.**   A commitment to engage in the interactive process with both applicants and employees who request reasonable accommodation and/or for whom the Defendant becomes aware reasonable accommodation is or may be needed to perform the essential functions of their jobs.

**32.6.**   A commitment that the interactive process will include an interactive dialogue and good-faith communications with the applicanUemployee to determine what modification or accommodation could be provided to the applicant/employee that would enable the applicanUemployee to complete any post-offer screen or fitness for duty testing and/or to perform his or her essential job functions with or without an accommodation.

**32.7.**   A policy to provide applicants and employees with contact information for the person or person(s) who receive or coordinate any requests for reasonable accommodation, including requests related to any future post-offer screen or fitness-for-duty testing.



**32.8.** A clear and strong encouragement of persons who believe they have been discriminated or retaliated against in violation of the ADA to report such concerns.

**32.9.** The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about alleged discrimination or retaliation in violation of the ADA.

**32.1O.** A clear explanation of the steps an employee or applicant must take to report alleged discrimination or retaliation in violation of the ADA, which must include the options of either an oral or written complaint.

**32.11.** An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination in violation of the ADA, that such investigation will be prompt, fair, and reasonable, will be handled with maximum feasible confidentiality, and that appropriate corrective action will be taken as necessary, up to and including termination of employees found to have violated Defendant's anti-discrimination policies.

**32.12.** An assurance of non-retaliation for persons who report alleged discrimination in violation of the ADA and/or retaliation, and for witnesses who provide testimony or assistance in the investigation of any such report.

33.     Within 30 calendar days after completion of the policy review required under Paragraphs 31-32.12 above, the written ADA policies shall be posted in a prominent location frequented by employees at Defendant's facilities and



distributed to each current employee. The written ADA policies shall be distributed to all new employees upon hire.

**D.**   *Training*

34.   **Orientation on Consent Decree:** Within 30 calendar days of the entry of this Decree, Defendant shall conduct a mandatory Consent Decree Orientation Meeting with its HR and compliance employees, all employees with responsibilities for hiring, and all managers or officials involved in providing and/or determining reasonable accommodations.

**34.1.** During the Consent Decree Orientation Meeting, Defendant will thoroughly detail all provisions of the Decree, discuss and explain any changes in policy and procedures to be effected as a result of the Decree, and shall emphasize to the participants that any breach of, or failure to comply with, the terms and conditions set forth in this Decree shall subject them to appropriate disciplinary action, up to and including termination.

35.   **Employee Training:** Defendant shall provide, upon hire and annually, EEO training for all employees, which includes: (a) Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination; (c) the penalties for engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for handling accommodation requests. All training under this Paragraph shall be at Defendant's expense and will be presented by



live presentation, online interactive training, and/or computer training, or any combination of the foregoing.

**35.1.   Non-Managerial Employees:**  During the term of this Decree, in addition to the annual training described in Paragraph 35 above, Defendant will provide non-managerial employees at least one ADA training session per year of at least 30 minutes. Topics to be included in the 30 minutes training session include: the provisions of the ADA, the process for requesting reasonable accommodation, including contact information for Defendant's ADA Coordinator and the person or persons who receive or coordinate any requests for reasonable accommodation; types of reasonable accommodation available under the ADA; the interactive process; and a clear explanation of the steps an employee or applicant must take to report alleged discrimination or retaliation, including the contact information for Defendant's person or persons who receive complaints of discrimination. Any individual who is charged with conducting training under this Paragraph must first be trained under Paragraph 35.4 below.

**35.2.   Managerial and Supervisory Employees:** During the term of this Decree, in addition to the annual training described in Paragraph 35 above, Defendant will require all individuals who work in a managerial or supervisory capacity, including all managers or supervisors who have hiring authority and/or responsibility for the interactive process during reasonable accommodation processes, to receive at least three additional hours of training regarding the ADA, which can be presented all at once or spread over the term of the Decree.

-13-



This training must directly address disability discrimination, including: the provisions of the ADA, prohibited medical inquiries under the ADA; guidance on how to determine what constitutes a request for reasonable accommodation; the employer's responsibilities for the interactive process when an employee requests reasonable accommodation or when an employer becomes aware of the need for reasonable accommodation; guidance on how to determine what is a reasonable accommodation, including the need to make individual assessments regarding what accommodations could be provided; resources available to assist managers in finding appropriate accommodations; and types of reasonable accommodation available under the ADA. This training may be presented by an outside vendor or a qualified in-house trainer specifically approved by the EEOC. The EEOC's approval for a qualified In-house trainer will not be unreasonably withheld. Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete this training.

**35.3.   Human Resource Employees, Compliance Employees, and ADA Coordinator:** During the term of this Decree, in addition to the training described in Paragraph 35, above, Defendant will require all individuals who work in a human resources capacity, as compliance employees, or as an ADA Coordinator to receive at least six hours of training regarding the ADA, which can be presented all at once or spread over the term of the Decree. This training must directly address disability discrimination, including: the provisions of the



ADA; qualification standards, other standards, criteria, and methods of administration (including forms of pre-employment screening) prohibited under the ADA; validation according to the Uniform Guidelines; prohibited medical inquiries and improper use of medical information under the ADA; guidance on how to determine what constitutes a request for reasonable accommodation; the employer's responsibilities for the interactive process when an employee requests reasonable accommodation or when an employer becomes aware of the need for reasonable accommodation; guidance on how to determine what is a reasonable accommodation, including the need to make individual assessments regarding what accommodations could be provided; resources available to assist managers in finding appropriate accommodations; and types of reasonable accommodation available under the ADA This training may be presented by an outside vendor or a qualified in-house trainer specifically approved by the EEOC. The EEOC's approval for a qualified in-house trainer will not be unreasonably withheld. Defendant will require employees who are newly hired or recently promoted into a human resource or compliance position to complete this training.

**35.4. Train the Trainers:** Any manager or human resources employee with responsibility for training other employees under Paragraphs 35-35.3 above, will be provided two additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this

-15-



Paragraph must be provided by an outside vendor experienced in the area of employment discrimination law.

36.    Defendant agrees that the first such training session for each employee group identified in Paragraphs 35-35.4 above, will take place within 180 calendar days after the Court's entry of this Decree. Defendant agrees that all of its personnel shall both register and attend the appropriate training sessions.

37.    The Commission, at its dlscretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend and observe any of the sessions. Defendant shall provide the Commission with 14 days' notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months, or notice of availability of on-demand computer-based trainings, if such notice is more convenient. The Commission shall provide Defendant with 36 hours' notice if any Commission representative intends to attend and observe any training session.

**E.    Notice Posting**

38.    Within ten business days after the Court's entry of this Decree, Defendant shall post in each of its facilities, in a conspicuous place frequented by employees, the Notice attached as Exhibit C to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible,

Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within 15 business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**F.**   ***Management Accountability***

39.   Defendant acknowledges the importance of holding its managerial employees accountable for their understanding of and compliance with the ADA and Defendant's related non-discrimination policies and procedures. Defendant agrees that managerial employees who fail to implement and enforce Defendant's ADA and related non-discrimination policies and procedures shall be subject to appropriate remedial or disciplinary action.

## VIII. RECORDKEEPING AND REPORTING PROVISIONS

40.   For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**40.1.**   Applications;

**40.2.**   Documentation of withdrawals of conditional offers of employment;

**40.3.**   Job Postings;

**40.4.**   Personnel files;

**40.6.** Requests for accommodation and records documenting the interactive process and efforts to provide any such accommodation, including records

-17-



reflecting what accommodations were considered and what accommodations were provided; and

**40.6.** Complaints of discrimination based on disability (as defined in the ADA, to include actual disability, record of disability, and regarded as disability), and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

41.    Defendant shall provide semi-annual reports for each six-month period following the entry of this Decree. The reports shall be due ten business days following the respective six-month period, except the initial and final reports, The initial report shall be submitted 90 calendar days after entry of this Decree. The final report shall be submitted to the Commission at least 60 calendar days prior to the date on which the Consent Decree is to expire.

42.    **Reporting Requirements:** Each report shall provide the following information:

**42.1. Reports of Disability Discrimination**

**42.1.1,**        For purposes of this Paragraph, the term "report of disability discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on disability, regarded as disability, or record of disability, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination,"



"ADA," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.

42.1.2.   The report will include:

a.   The name, address, email address, and telephone number of each person making a complaint of alleged discrimination based on disability, record of disability, or regarded as disability to Defendant, or to any federal, state, or local government agency of which Defendant has received notice;

b.   The name, address, email address, and telephone number of each person identified as a potential witness to the incident of alleged disability discrimination;

c.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.   Upon request by the EEOC, Defendant will provide to the EEOC copies of all documents memorializing or referring to



the complaint, investigation, and/or resolution thereof.

**42.2. Reasonable Accommodation Procedures and Results**

    **42.2.1.** The name, address, email address, and telephone number of each person making a request for accommodation to the Defendant.

    **42.2.2.** A brief summary of each request for accommodation, including the following: the date of the request; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted, and if not, an explanation of the reasons for denying the request; whether any other accommodation was provided, and if so, what accommodation was provided, and an explanation of the reasons for providing that accommodation.

    **42.2.3.** Upon request by the EEOC, Defendant will provide to the EEOC copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof, including without limitation, any written report or documentation of the request, records compiled as part of the interactive process, and records documenting any investigation undertaken and/or accommodation provided.

**42.3. Job Offers:** Defendant shall report on its compliance with the individual



relief required under Paragraph 19 above.

**42.4.   ADA Coordinator:** Defendant shall report on the status of the ADA

Coordinator under Paragraphs 26-30 above and the fulfillment of his or her

responsibilities.

**42.5.   ADA Policy:** Defendant shall report on whether any changes to the ADA

policy have been made since completing the policy review and distribution

requirements in Paragraphs 31-33 above.

**42.6.  Training**

 **42.6.1.**  For each training program required under Paragraphs 34-

35.4, and conducted during the reporting period, Defendant shall submit

either a registry of attendance or a certificate of completion.

 **42.6.2.**  For each training program conducted by Defendant's staff,

Defendant will provide the following information: (a) a detailed agenda; (b)

copies of all training material provided to or utilized by the trainers; (c) the

name of each trainer and a summary of his or her qualifications.

 **42.6.3.**  For each training program conducted by an outside

consultant or vendor not affiliated with Defendant, Defendant will identify

the consultant and/or vendor and provide a copy of the program agenda.

**42.7.  Posting of Notice:** Defendant shall recertify to the Commission that the

Notice required to be posted under Section E of this Consent Decree has

remained posted during the reporting period, or, if removed, was promptly

replaced.



43.     **Initial Report:** In addition to the reporting requirements listed in Paragraphs 42-42.2.3 above, Defendant's initial report shall include the following:

**43.1.   Individual Relief:** Defendant shall report on its compliance with the individual relief provisions required under Paragraphs 11-18 of this  Decree.

**43.2.   ADA Coordinator:** Defendant shall report on its compliance with the implementation of the ADA Coordinator provisions in Paragraphs 26-30 of this Decree.

**43.3.   Policy Review:**  Defendant shall report on its compliance with the ADA policy review and implementation process required under Paragraphs 31-33 above.

**43.4.   Notice Posting:** Defendant shall report on its compliance with the initial notice posting required under Paragraph 38 above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

44.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

45.     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

46.     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should



the Court determine that Defendant has not complied with this Decree,

appropriate relief, including extension of this Decree for such period as may be

necessary to remedy its non-compliance, may be ordered.

47.      Absent extension, this Decree shall expire by its own terms at the end of

the 36th month from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

48.      With respect to matters or charges outside the scope of this Decree, this

Decree shall in no way limit the powers of the Commission to seek to eliminate

employment practices or acts made unlawful by any of the statutes over which

the EEOC has enforcement authority, and do not arise out of the claims asserted

in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

49.      Each party shall be responsible for and shall pay its own costs and

attorney's fees.

## XII. NOTICE

50.      Unless otherwise indicated, any notice, report, or communication required

under the provisions of this Decree shall be sent by email as follows:

| EEOC: | Defendant Representative: |
|---|---|
| Laurie Jaeckel | Heather Fox Vickles |
| EEOC Denver Field Office | Sherman & Howard, LLC |
| 303 E.17thAve., Suite410 | 633 17th Street, Suite 3000 |
| Denver, CO 80203 | Denver, CO 80202 |
| lauren.jaeckel@eeoc.gov | hvickles@shermanhoward.com |



## XIII. SIGNATURES

51.     The Parties agree to the entry of this Decree subject to final approval by

the Court.

DATED: April 3, 2019

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge

BY CONSENT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: _____

JBS CARRIERS, INC.

By: _____
Rodrigo Horvath
President

Date: _03/27/2019_

APPROVED AS TO FORM:

_____

Laurie **Jaecketft**
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Attorney for Plaintiff EEOC

Ickles
Gherman   Howard, LLC
633 17th Street, Suite 3000
Denver, CO 80202

Attorney for Defendant

Exhibit A - Conditional Offer of Employment for Over-the-Road Driver  Position

[Insert Date]

      Re:    EEOC v. JBS Carriers, Inc.
              Civil Action No. 18-cv-02498-CMA-NRN (D. Colo.)

Dear [Aggrieved Individual]:

On behalf of JBS Carriers, Inc., I wish to express my sincere regret that you found the 2012 application and post-offer, pre-employment process to be unsatisfactory.

I am pleased to extend to you a conditional offer of employment with JBS Carriers in an available Over-the-Road Driver position, provided you presently meet the attached Minimum Eligibility Requirements For Tractor-Trailer Driving Candidates. If you wish to accept this offer, or if you have any questions about the eligibility requirements or current hiring areas, please contact Ahmad Abdul at Ahmad.Abdul@jbssa.com within 14 days of the date of this letter.

              Sincerely,


              Ahmad Abdul
              Human Resources Director
              JBS Carriers, Inc.





# JBS Carriers
## Minimum Eligibility Requirements
## For Tractor-Trailer Driving Candidates

| | |
|---|---|
| **Driver Qualifications** | JBS Carriers driver candidates within the hiring area must meet or exceed specific requirements relating primarily to safety record, driving experience, work history, and personal evaluations, including a Department of Transportation (DOT) medical examination and urine analysis. |
| **Age** | Candidates must be a minimum 21 years of age. |
| **License** | Candidates must have a valid Class A Commercial Driver's License. |
| **Driving Record** | All candidates must have a record of safe and competent driving. Specifically, candidates will be disqualified based on the following criteria:<br><br>ı More than three [3] moving violation convictions within the previous 36 months;<br><br>＿ Involvement in more than three [3] preventable motor vehicle accidents within the previous 36 months;<br><br>Any combination of more than three [3] of the above within the previous 36 months;<br><br>Any conviction of a serious CDL violation, as defined in Part 383.51(c) of the US Department of Transportation, Federal Motor Carrier Safety Regulations (FMCSA), within the previous 24 months *(A) excessive speeding of 15 miles per hour or more above the posted speed limit, (BJ reckless driving, (CJ improper or erratic lane change, (DJ following too closely, (E) violation In connection with a fa/a/ accident, (F) driving a CMV without a proper license (G) driving without e CDL in the driver's possession (HJ driving a CMV without the proper CDL class or endorsements (/) operating a CMV while texting (J) operating a CMV while using a handheld mobile telephone*<br><br>Involvement in any serious preventable accident *(DOT Recordable)* within the previous 36 months *(an accident Involving a fatality, or an Injury requIrIng Immediate medical treatment away from the accident scene, or disabling damage to any Involved vehicle requiring tow away)*<br><br>¯ı Any driving license suspension or revocation for more than 60 days, for any reason, within the previous 24 months;<br><br>• Any DUI/DWI *(drug or alcohol)* conviction or any conviction based on the driver's refusal to submit to a test for the use of alcohol or controlled substances, within the previous 5 years while operating a non-commercial motor vehicle; or more than two [2] DUI/DWI convictions within the candidates lifetime.<br><br>• Any DUI/DWI *(drug or alcohol)* conviction or any conviction based on the driver's refusal to submit to a test for the use of alcohol or controlled substances, *ever,* if it occurred while operating a commercial motor vehicle;<br><br>ı Any conviction of a violation listed below within the previous 5 years:<br><br>1. Transportation, possession or unlawful use of a Schedule 1 drug or other substance as defined by the Department of Transportation;<br>2. Violation of an open container law or similar statute;<br>3. Public Intoxication;<br>4. Reckless homicide or involuntary manslaughter;<br>5. Leaving the scene of an accident;<br>6. Speed exhibition, contest or drag racing on a public highway;<br>7. Assault with a motor vehicle;<br>8. Careless endangerment;<br>9. Fleeing or eluding a law enforcement officer;<br>10. A motor vehicle record by which its nature and content may suggest that the candidate **is a** habitual offender *(as determined by the Director of Safety)*<br><br>ı In addition to the above driving related behavior, all candidates must have an acceptable PSP records check, as it relates to roadside inspection activity for the previous 36 months.<br><br>    *⁰ All driving records and safety related behaviors will be reviewed by the Safety Department* |

| | |
|---|---|
| **Criminal Record** | Candidates must not have a conviction record indicating possible problematic character traits. Specifically, candidates will be disqualified based on the following:<br>• Any felony conviction within the previous 5 years;<br>• Any conviction involving theft, drugs, violence or dishonesty within the previous 5 years;<br>• More than one [1] misdemeanor conviction within the previous 5 years;<br>• The Director of Safety and the Director of Human Resources must review all candidates with any pending criminal charges of any nature:<br>• All criminal background records checks revealing convictions are screened against the standard JBS Criminal Background Check Matrix.<br><br>*..All criminal records will be carefully reviewed by the Safety and Human Resources Deparments* |
| **Driving Experience** | All candidates must have the equivalent of a minimum of 12 months of recent, verifiable, over-the-road tractor-trailer driving experience within the previous 36 months. Any experience level of less than 12 months will requiring mentoring. The safety department will determine duration of mentoring.<br>JBS Carriers will accept candidates with no previous experience, after completion of a company approved CDL driving school. These candidates will then go through additional "on-the-road training" with a mentor for a minimum of 6 to 8 weeks or 15,000 miles before being approved to drive solo.<br><br>***All driving experience must be validated and subject to review by the Safety Department** |
| **Work History** | • All candidates must have a work history of no more than seven [7] employers in the previous 36 months; *(special circumstances must be approved by Safety and Human Resources)*<br>• All gaps in employment must be explained and verified;<br>• No safety related terminations within the previous 12 months:<br>• Documentation must be provided to validate all periods of self-employment;<br>• Candidates with military service within the previous 3 years must provide a long form DD-214<br><br>*.. All previous employment will be reviewed by the Human Resources Department* |
| **Medical Evaluation** | All candidates must successfully pass a post-offer and pre-employment DOT medical evaluation and urine analysis. |
| **Medical Certification** | Must obtain a DOT medical examiners certificate issued by a JBS Carriers approved physician or medical facility. |
| **Driving Ability** | All candidates must successfully pass a road skill evaluation. |
| **General Requirements** | • Applications containing falsification of employment or otherwise false information, or deliberately omitted Information, may not receive further consideration of employment;<br>• All candidates must meet all of the requirements as outlined in Part 391 of the Federal Motor Carrier Safety Regulations, US Department of Transportation, Federal Highway Administration:<br>• FMCSA regulation 391.11(b)(2) requires that candidates must be capable of reading, writing and speaking the English language sufficiently to converse with the general public, to understand highway traffic signs and signals, to respond to official inquiries, and to make entries on reports and records;<br>• All candidates must present and maintain a neat, professional appearance and practice good personal hygiene at all times |

**Exhibit C (Notice)**

<u>**NOTICE**</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. JBS Carriers, Inc.,* filed in the United States District Court for the District of Colorado, Civil Action No. 18-cv-02498-CMA-NRN.

Management of JBS Carriers wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. JBS Carriers seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to the Americans with Disabilities Act ("ADA"), it is unlawful for an employer to discriminate based upon the disability, perceived disability, or record of disability of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

JBS Carriers respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, JBS reaffirms its commitment to complying with the strictures of the ADA, in that it is our policy to prohibit all discrimination based on disability, perceived disability, or record of disability. This includes not using any post-offer screening or fitness-for-duty examinations which have the effect of discrimination on the basis of disability or which screen out or tend to screen out individuals with disabilities.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at JBS Carriers will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.

JBS Carriers, Inc.

By:_____  ___          _____

                                                                             Date

